UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARITTIA J. BEEBE,

    Plaintiff,                                    CIVIL ACTION NO. 06-15056

v.

                                                      DISTRICT JUDGE NANCY G. EDMUNDS
                                                      MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\*    \*    \*

      Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on March 20, 2003, alleging that she had been disabled and unable to work since November 25, 2002, at age 30, due to the residual effects stemming from a broken right ankle and asthma. Benefits were denied by the Social Security Administration (SSA). A requested de novo hearing was held on March 10, 2006, before Administrative Law Judge (ALJ) Thomas Walters. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work. The ALJ restricted the claimant to simple, unskilled clerical jobs in a clean air environment that did not require prolonged standing, walking or the operation of foot controls. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of

benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 33 years old at the time of the administrative hearing (TR 157). She had a limited education, and had been employed as a van driver, housekeeper, janitor and cashier (TR 61, 72-78, 158-159). As a van driver for a railroad company, Plaintiff had to be on her feet for a majority of the workday. She constantly had to handle, grip and manipulate large and small objects. She did not have to lift heavy weights on a regular basis (TR 79). Claimant fractured her right ankle in January 2001, when she slipped and fell on the ice (TR 160). Despite undergoing several operations to help stabilize the joint, claimant stopped working in November 2002, due to chronic ankle pain (TR 159).

Plaintiff testified that she was disabled as a result of severe ankle pain[1]. Even though she also suffers from asthma, the claimant acknowledged that her ankle impairment was the only reason she was unable to work (TR 161-162). While Plaintiff weighed nearly 300 pounds at the time of the hearing, she stated that she was steadily losing weight (TR 162). The claimant explained that she was able to perform all the household chores for her family, including cooking, laundry and grocery shopping, but she did them at a very slow pace (TR 164).

A Vocational Expert, Melody Henry, classified Plaintiff's past work as light, unskilled activity (TR 167). The witness testified that there would not be any jobs for claimant to

---

[1]Plaintiff appeared at the administrative hearing without representation, but she elected to proceed with the hearing after being informed that an adjournment would be granted to allow her to hire an attorney (TR 154-155). The claimant later secured an attorney to represent her before this Court.

perform if her testimony were fully accepted[2] (TR 168-169). If she were capable of sedentary work, however, there were numerous cashier, receptionist, information clerk, telephone solicitor and visual surveillance monitor jobs that she could still perform with minimal vocational adjustment (TR 168). These simple, routine jobs were performed in clean air environments, and would not require prolonged walking, standing or the use of foot controls (TR 168).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of status post right ankle fracture and surgical repairs, obesity and asthma, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's ankle pain prevented her from working at jobs requiring prolonged standing, walking or using foot controls. The ALJ also restricted her to clean air environments, given her history of asthma. The Law Judge nevertheless found that Ms. Beebe retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See

---

[2] The witness testified that claimant's alleged inability to concentrate on simple one and two step tasks would preclude all work activity (TR 169).

Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of sedentary work activity. She also argues that the ALJ improperly evaluated her credibility, and that he did not take into consideration all of her functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the totally disabling nature of her ankle pain.

DISCUSSION AND ANALYSIS

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits. Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985). Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate

those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain. Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003 (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work in clean air environments that did not require prolonged standing, walking or using foot controls. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling ankle pain.

Plaintiff fractured her ankle in January 2001. The ankle was surgically repaired, and the surgical site was debrided and irrigated over the following three months (TR 105-121). The medical record reveals that Plaintiff did not seek further medical treatment for the ankle until July 2002, when joint stabilizing hardware was removed from the ankle (TR 94-100). After the plates and screws were removed, the claimant did not seek additional treatment for her allegedly disabling ankle impairment for nearly three years until April 2005 (TR 140).

Contrary to Plaintiff's assertion that her ankle condition was severe enough to meet the Listing of Impairments, no physician of record described her as experiencing significant ambulatory deficits for a continuous 12 month period. Furthermore, none of the examining doctors recommended that she use a cane, crutches, or any other ambulatory aide[3]. Dr. Bharti Sachdev, a consultative examiner, observed in October 2003 that the claimant was

---

[3]Plaintiff was prescribed and ankle brace in May 2005, more than four years after she injured the ankle (TR 144-146).

**5**

unable to heel and toe walk, but the doctor did not notice any other joint problem interfering with her ability to walk (TR 127).

When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant[4], who concluded that the claimant could perform a restricted range of light and sedentary work, despite her ankle pain (TR 132-139). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from her ankle pain were not fully credible.

Moreover, there was no objective medical evidence suggesting that Plaintiff suffered severe side effects from pain medications, or that she needed to rest frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by restricting her to simple, routine jobs in clean air environments that did not require any prolonged standing, walking or the use of foot controls.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not

---

[4] Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2006).

be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with her significant impairments[5], the Vocational Expert testified that there were numerous unskilled cashier, receptionist, information clerk, telephone solicitor and visual surveillance monitor jobs that she could still perform with minimal vocational adjustment (TR 168). These simple, routine jobs were performed in clean air environments, and would not require prolonged walking, standing or the use of foot controls (TR 168). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to

---

[5]Contrary to Plaintiff's assertion, the Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described her moderate postural limitations. The VE testified that the 23,545 cashier positions did not require operating foot controls. In addition, they provided the opportunity to get off her feet after about two hours of standing (TR 168). The Sixth Circuit recently held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: May 22, 2007

_____

## CERTIFICATE OF SERVICE

  I hereby certify on May 22, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 22, 2007. **None.**

            s/Michael E. Lang
            Deputy Clerk to
            Magistrate Judge Donald A. Scheer
            (313) 234-5217